United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMIN MODAD,

Plaintiff,

v.

SANTA CLARA VALLEY TRANSPORTATION AUTHORITY,

Defendant.

Case No. 26-cv-02491-NC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FAC WITH LEAVE TO AMEND**

Re: ECF 17

Plaintiff Amin Modad alleges Defendant Santa Clara Valley Transportation Authority denied Plaintiff and a putative class meal breaks every day. Due to the meal break violations, Defendant allegedly deducted thirty minutes' pay each day, resulting in Fair Labor Standards Act and California Labor Code § 1194 violations.

Defendant moves to dismiss the first amended complaint (FAC), ECF 16, for failure to state a claim. Because the Court finds that Plaintiff fails to allege his claims with the requisite specificity to be plausible, the Court GRANTS Defendant's motion to dismiss with leave to amend.

This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties. The parties have consented to magistrate judge jurisdiction. ECF 8, 13.

## I. DISCUSSION

As an initial matter, the Court cannot discern whether Plaintiff asserts claims spanning the entirety of his twenty-two years of employment with Defendant, or only over the past three years preceding this action. FAC ¶¶ 4 (alleging violations "[f]or the entirety of Plaintiff's employment. . . ."); 19 (Plaintiff seeks to bring a collective action on behalf of "[a]ll individuals who are currently employed, or formerly have been employed, by Defendant[] as Field Employees within the last three (3) years."). This deficiency alone warrants granting Defendant's motion to allow Plaintiff to clarify when he asserts Defendant committed the alleged violations. For the basis of this Order, the Court presumes that Plaintiff's claims are asserted for the entirety of his career—approximately twenty two years.

The FAC alleges that Defendant "deducted a 30-minute meal period for each of Plaintiff's shifts." FAC ¶ 4. Plaintiff's FLSA and California wage claims stem from this alleged deduction resulting in meal period, overtime, minimum wage, and time recording violations. *See id. generally*.

In *Landers v. Quality Commc'ns, Inc.*, the Ninth Circuit addressed the degree of specificity required under Rule 8 to state a claim for failure to pay minimum or overtime wages under the FLSA. 771 F.3d 638, 645–46 (9th Cir. 2014), *as amended* (Jan. 26, 2015). The *Landers* analysis also applies to meal break claims, such as Plaintiff has alleged here. *See Rodriguez v. Belfor USA Grp., Inc.*, No. 22-cv-02071-VKD, 2022 WL 1814257, at *5 (N.D. Cal. June 2, 2022). The Ninth Circuit held that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." 771 F.3d at 645. Applying that to the allegations at hand, the Ninth Circuit found that the plaintiff had failed to "allege facts demonstrating there was at least one workweek in which [he] worked in excess of forty hours and [was] not paid overtime wages." *Id.* at 646.

Plaintiff has not alleged sufficient facts to make any of his claims facially plausible under Rule 8 and *Landers*. *In re Gilead Scis. Secs. Litig.*, 536 F.3d at 1055; *Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 890 (N.D. Cal. 2024) (there is no "*Landers* pleading standard"—"[w]age and hour claims are subject to the same Rule 8 pleading standard as all other claims not sounding in fraud or mistake"). Plaintiff has failed to allege a single specific week during his twenty-two years of employment with Defendant where he did was denied a meal break so was owed overtime and minimum wages. Without additional facts, his claims are not "detailed enough to plausibly suggest entitlement to relief." *Cook*, 737 F. Supp. 3d at 890 (explaining that in *Landers* the plaintiff had not plausibly made out an FLSA claim "because he had not alleged that there was even a single week where he had not received overtime wages he was due").

Plaintiff relies on case law which is factually distinguishable. None assert meal break, overtime, or other violations spanning a twenty-two year employment period.[1] *See Boon v. Canon Bus. Sols., Inc.*, No. 11-cv-8206-R-CW, Dkt. 42 (second amended complaint), ¶ 13 (C.D. Cal. March 13, 2012) (alleging violations for the four years immediately before filing the case); *Landers v. Quality Commc'ns, Inc.*, No. 11-cv-1928, Dkt. 1, (complaint), ¶ 6 (D. Nev. Dec. 1, 2011) (asserting that plaintiff worked for defendant for the three years preceding the action); *Sagastume v. Psychemedics Corp.*, No. 20-cv-6624-DSF-GJSX, 2020 WL 8175597, at *4 (C.D. Cal. Nov. 30, 2020) (claiming denial of overtime and minimum wages during one month period); *Ismail v. Am. Airlines, Inc.*, No. 22-cv-1111-DMG (JPRX), 2023 WL 5504932, at *1, *4 (C.D. Cal. July 14, 2023) (alleging violations during five year employment period). "[T]he plausibility of a claim is 'context-specific.'" *Landers*, 771 F.3d at 645 (quoting *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). Here, Plaintiff's allegations

[1] Plaintiff cites to the court decisions on the motions to dismiss. *See, e.g.*, *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631 (9th Cir. 2015). The Court reviewed the underlying allegations in the complaints at issue, so points to the dockets themselves where applicable.

covering over twenty years do not make his claims plausible. *Landers*, 771 F.3d at 641 ("A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .'") (citation omitted). For example, it is unclear what Plaintiff's wages were during this entire period, whether he complained about missing meal periods, whether Defendant's "policy and practice" creating the alleged violations was consistent during Plaintiff's tenure, or whether the statute of limitations has run on Plaintiff's claims.

Even if Plaintiff only seeks to assert his claims over a three-year period, he must amend the complaint to add further facts. In *Cook*, for example, though the plaintiff did not allege what specific week she was underpaid, she did "not simply allege that [defendant] operated in a way that denied its employees meal and rest breaks without alleging that she herself was not provided such breaks" as Plaintiff here does. 737 F. Supp. 3d at 890; FAC ¶ 20 (noting defendant's "policy and practice" leading to repeat violations). Instead, the *Cook* court found that the plaintiff "assert[ed] that *she* was not given required meal and rest breaks and explains why she did not receive these breaks." *Cook*, 737 F. Supp. 3d at 890 (emphasis in original). Specifically, the complaint had alleged defendant provided plaintiff a task list everyday with strict deadlines and that plaintiff complained about her heavy workload which caused her to miss meal breaks. *Id.*, No. 23-cv-05690-PCP, Dkt. 12 (first amended complaint), ¶¶ 45, 47 (N.D. Cal. Dec. 4, 2023); *see also Hansber v. Ulta Beauty Cosms., LLC*, No. 21-cv-00022-AWI-JLT, 2021 WL 4553649, at *6 (E.D. Cal. Oct. 5, 2021) (alleging that plaintiffs were required to spend part of their meal breaks traveling to and from breakrooms and submitting to security protocols which took approximately six and ten minutes respectively and identified particular workweeks when the violations occurred). Plaintiff's allegations are insufficient to pass muster at the motion to dismiss stage.

This case is akin to *Radford v. Nexstar Broadcasting, Inc.*, where the court found plaintiff's allegations that he "work[ed] in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek and failed to be

paid overtime wages" to be "too generic to plausibly establish that there was at least one workweek in which [plaintiff] was not compensated for overtime work, or to provide sufficient detail about the length and frequency of unpaid work." *Radford v. Nexstar Broad., Inc.*, No. 24-cv-08118-RFL, 2025 WL 829601, at *4 (N.D. Cal. Mar. 14, 2025). The plaintiff's allegations that he was denied meal breaks "from time to time" also failed to explain "for example, the frequency of the interruption" or identify "any specific instance where he was denied a break." *Id.* at *5. The same is true here. Plaintiff's allegations fail to "put defendant[] fairly on notice of the claims against [it]." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

As to Plaintiff's Cal. Labor § 1194 claim, because it "rises and falls with the federal claim" it is similarly deficient. ECF 19 at 21. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's FAC with leave to amend.

## II. CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's FAC with leave to amend. Plaintiff is granted leave to file an amended complaint by September 24, 2026. Plaintiff may not add any additional claims or parties without Defendant's consent or leave of Court. Defendant must respond to the amended complaint within fourteen days of its filing.

**IT IS SO ORDERED.**

Dated: August 27, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge